# Exhibit 1

# Cassidy, Christine M.

| | |
|---|---|
| **From:** | Acuna, Olivia <olivia.acuna@kirkland.com> |
| **Sent:** | Wednesday, May 3, 2023 11:17 PM |
| **To:** | Jackiw, Brian J.; David Kastin; Juan Pena; Lisa Knight; John Yacka; Joel Bettinger |
| **Cc:** | Brian Noonan; Fiedler, Ross J.; Glenn Fehribach; Karen Wandrup; Geier, Emily |
| **Subject:** | RE: BBB - WDS - Post-petition Agreement |

**<<< EXTERNAL EMAIL >>>**

Brian,

We are signed off on the below language.

Thank you,

**Olivia Acuña**
-------------------------------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 390 4437 **M** +1 347 549 2578
**F** +1 212 446 4900
-------------------------------------------------------
[olivia.acuna@kirkland.com](olivia.acuna@kirkland.com)

**From:** Jackiw, Brian J.
**Sent:** Wednesday, May 3, 2023 11:51 PM
**To:** Acuna, Olivia ; David Kastin ; Juan Pena ; Lisa Knight ; John Yacka ; Joel Bettinger
**Cc:** Brian Noonan ; Fiedler, Ross J. ; Glenn Fehribach ; Karen Wandrup ; Geier, Emily
**Subject:** BBB - WDS - Post-petition Agreement


Pursuant to our discussion today, we propose the following terms for a post-petition agreement (the "Agreement") between the Debtors, as defined in jointly administered Case No. 23-13359, In re Bed Bath & Beyond Inc. et al (the "Debtors") and World Distribution Services ("WDS"):

1. The Debtors shall pay WDS $3 million, to be received by WDS no later than close of business, May 5, 2023 as payment for post-petition services of storage, handling, and shipment of all of the goods (the "Goods") stored by the Debtors with WDS. Payment shall be made by wire.
2. WDS agrees to waive its prepetition claim.
3. Debtors shall provide to WDS all Federal Express shipping routes.
4. Debtors agree and acknowledge that all pre-petition payments made by Debtors to WDS were made in payment of a debt incurred by the Debtors in the ordinary course of business of the Debtors and WDS and such payment was made in the ordinary course of business of the debtor and WDS.
5. Debtors agree and acknowledge that this agreement is reasonable, justified, and in the best interests of the bankruptcy estates and creditors of the Debtors.
6. Debtors are authorized to enter into this Agreement without Court approval.
7. WDS is authorized to enter into this Agreement.
8. Debtors are required to take all Goods currently held by WDS by June 30, 2023.

9. If all of the Goods are not taken by the Debtors by June 30, 2023, Debtors shall immediately pay WDS an additional $500,000 and WDS may destroy or discard the Goods as it sees fit.
10. WDS agrees to the terms and provisions of the *Interim Order (I) Authorizing the Debtors to Pay Certain Prepetition Secured Claims of Critical Lien Claimants, (II) Confirming Administrative Expense Priority of Critical Outstanding Orders, and (III) Granting Related Relief* [Docket No. 97] (the "Interim Order") to the extent such Interim Order applies to this Agreement.

Please confirm by reply to this message that the Debtors agree, acknowledge, and concur with the above terms, statements, and the Agreement in whole.

**Brian J. Jackiw | Partner | Tucker Ellis LLP**
233 South Wacker Drive, Suite 6950, Chicago, IL 60606
Direct: 312-256-9426 Fax: 312-624-6309 Cell: 708-220-8143
brian.jackiw@tuckerellis.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.