Maha M. Kabbash, Esq. (MK-0163)
TUCKER ELLIS LLP
1776 On the Green
67 E. Park Place, Ste. 500
Morristown, NJ 07960
Telephone: (862) 261-2532

Brian J. Jackiw (admitted *pro hac vice*)
TUCKER ELLIS LLP
233 South Wacker Drive
Suite 6950
Chicago, Illinois 60606-9997
Telephone: (312) 624-6300

*Counsel to Defendant World Distribution Services LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **In re:**<br><br>**BED BATH & BEYOND, INC.,** *et al.*<br><br>    *Debtors*. | **Case No. 23-13359 (VFP)**<br><br>**(Jointly Administered)**<br><br>**Chapter 11** |
| **Michael Goldberg, as Plan Administrator for 20230930-DK-Butterfly-1, Inc. (f/k/a Bed Bath & Beyond,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**World Distribution Services LLC**<br><br>    **Defendant.** | **Adv. Case No. 24-01367** |

**WORLD DISTRIBUTION SERVICES, LLC'S STATEMENT IN SUPPORT OF**
**AMENDMENT OF ANSWER, AFFIMATIVE DEFENSES, AND COUNTERCLAIMS**

World Distribution Services, LLC ("WDS"), pursuant to the Court's request at the hearing

on Plaintiff's Motion to Dismiss Counterclaims held on January 13, 2026, submits this statement

1

7220165.1

in support of the submission of its First Amended Answer, Affirmative Defenses, and Counterclaims, which is being filed concurrently with this Statement. In support hereof, WDS respectfully states as follows.

1. Federal Rule of Civil Procedure 15(a)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7015, allows for amendments of pleadings with the court's leave or the opposing party's consent, and should freely be given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Indeed, the Supreme Court noted that "this mandate is to be heeded." *Id.*

2. Consistent with Federal Rule 15(a)(2), the Third Circuit endorses a liberal amendment policy, and rejects amendments only when there is (1) undue delay; (2) bad faith/dilatory motive; (3) prejudice to the opposing party; (4) futility; or (5) repeated failure to cure. *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3rd Cir. 2001)(citing to *Foman*, 371 U.S. at 178).

3. Here, WDS submits that none of the limiting factors cited by the *Cureton* court are present here, and that in light of the circumstances, leave should be granted for WDS to file its Amended Answer.

4. First, there is no undue delay, bad faith, or a dilatory motive by WDS. WDS has promptly filed the Amended Answer – in accordance with the Court's directives at the January 13, 2026 hearing. WDS's Amended Answer is the result of specific deficiencies identified by the Court with WDS's initial Answer, but is wholly consistent with legal positions that have been adopted and advanced by WDS since the commencement of this litigation.

5. Further, the Plan Administrator will not be prejudiced by the filing of the Amended Answer. The Plan Administrator has been fully aware of the positions taken by WDS in the Amended Answer since the commencement of the litigation, and nothing in the Amended Answer

2

is inconsistent with those positions. Further, the Court – in an effort to reduce WDS's burden stemming from the filing of the Amended Answer – expressly stated at the January 13, 2026 hearing that it would endeavor to limit further briefing (or re-briefing on the Motion to Dismiss Counterclaims).

6. Next, the Amended Answer – and the Counterclaims stated therein – are not futile. In *Shane v. Fauver*, the Third Circuit held that "'futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" and that "in assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The *Shane* court further noted that leave to amend generally must be granted unless the amendment would not cure the deficiency. *Id.* Courts may deny leave to amend only when the proposed amendment is "frivolous or advances a claim or defense that is legally insufficient on its face." *Marlowe Patent Holdings LLC v. Dice Electronics, LLC*, 293 F.R.D. 688, 695 (D. N.J. 2013). Where the proposed amendment is not clearly futile, denial of leave to amend is improper. *Id.* The burden falls on the party opposing the amendment to demonstrate futility. *Shippensburg Urban Developers v. United States*, 510 F.Supp.3d 284, 288 (E.D. Pa. 2020).

7. Indeed, the counterclaims presented were indeed considered by this Court as viable and nonfrivolous at prior hearings on WDS's Motion for Summary Judgment, and WDS submits that the pleading deficiencies identified by the Court at the January 13, 2026 have been remedied. Accordingly, the Counterclaims are not futile. WDS certainly believes that they are meritorious and will succeed in litigation.

8. Finally, WDS is not guilty of a repeated failure to cure, as this is the first amendment of the Answer for which WDS has sought leave to file.

7220165.1

9. Courts in the Third Circuit recognize that counterclaim amendments merit particularly liberal treatment in certain circumstances. In *Perfect Plastics* the court held that "when claims are compulsory under Fed.R.Civ.P. 13(a), the argument for allowing amendment is especially compelling" because "an omitted compulsory counterclaim cannot be asserted in subsequent cases and the pleader will lose the opportunity to have the claim adjudicated." *Perfect Plastics Industries, Inc. v. Cars & Concepts, Inc.*, 758 F.Supp. 1080, 1082 (W.D. Pa. 1991). Hence, to the extent any of the Counterclaims are deemed compulsory, *Perfect Plastics* provides for an additional justification for leave to be granted.

10. For the foregoing reasons, WDS submits that leave to file the Amended Answer should be granted.

Dated: January 27, 2026

Respectfully submitted,

TUCKER ELLIS LLP

*s/ Maha M. Kabbash*_____
Maha M. Kabbash, Esq.
67 E. Park Place, Suite 500
Morristown, NJ 07960
Direct: 862-261-2532
Fax: 862-261-2551
brian.jackiw@tuckerellis.com

Brian J. Jackiw, Esq. (admitted *pro hac vice*, IL Atty No. 6296807)
233 South Wacker Drive, Suite 6950
Chicago, IL  60606
Direct: 312-256-9426
Fax: 312-624-6309
brian.jackiw@tuckerellis.com

*Attorneys for World Distribution Services LLC*

7220165.1

## CERTIFICATE OF SERVICE

I hereby certify that, on January 27, 2026, a true and correct copy of WDS's Right to Amend was electronically filed and was served via electronic mail upon counsel of record in this proceeding.

| Dated: January 27, 2026 | *s/ Maha M. Kabbash*_____ <br> Maha M. Kabbash, Esq. <br><br> *Attorney for World Distribution Services LLC* |
|---|---|